**Maurice MINCHEN, Appellant,**

v.

**Mrs. Mae M. AMENT, Appellee.**

No. 5091.

Court of Civil Appeals of Texas.

El Paso.

April 13, 1955.

Rehearing Denied May 4, 1955.

Swearingen & Bledsoe, Marfa, for appellant.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellee.

HAMILTON, Chief Justice.

This is an appeal from an order denying appellant's application for temporary injunction. Appellant's application was to enjoin appellees, Mae Ament, and her lessees R. H. Murrah, Sr., and R. H. Murrah, Jr., from turning or authorizing anyone to turn livestock into pastures in which both appellant Minchin and appellee Mae M. Ament owned land. Appellees answered by a sworn answer and the court, after hearing the evidence, denied the temporary injunction.

Appellant appealed on the ground that the court abused its discretion in refusing to restrain defendants from running livestock in said pastures contrary to Art. 1351a, V.A.P.C., and that the court committed error in refusing to maintain the status quo of the parties and property pending trial in cause No. 2678-A.

Appellant alleges that there are four pastures in which he and appellee Mae Ament own land; that all of said pastures are watered by a common watering created by a rock dam impounding surface water. Cause No. 2678-A referred to above is alleged by appellant to have been severed from cause No. 2678, which cause involved the title and possession to lands which are now admittedly owned by appellee Mae Ament, as a result of a final judgment in said cause. The part severed involved merely damages and offsetting damages claimed by the parties concerning the concrete and rock dam mentioned above. Appellant alleged and appellees admitted that appellees Murrah (lessees of Mae Ament) proposed to put 1,000 head of sheep into said pastures for grazing.

■■ Appellant relied on Article 1351a, V.A.P.C. for his right to an injunction. The parts of said Article applicable are as follows:

"Section 1. That, where one owner or lessee holds a separate tract or tracts of grazing or pasture land adjoining or adjacent to a tract or tracts of similar land held by another owner or lessee, fenced under one fence or en-

closure surrounding said tracts, separately owned or leased, or enclosed with natural barriers and fences, it shall be unlawful for either owner or lessee of any such tract, or tracts, so enclosed, desiring to pasture the tract or tracts owned or leased by him, to place or keep, or cause to be placed or kept in said general enclosure, more cattle or other livestock than the tract, or tracts, owned or leased by him will reasonably pasture. * * * It shall be unlawful for any person to place, or cause to be placed in said general enclosure, cattle or other livestock, unless he has a sufficient permanent supply of water on the land owned or leased by him in such general enclosure for such cattle or livestock * * .*."

It can be seen that the first part of said statute as quoted pertains to the overstocking of land by one of the owners in a common enclosure. The second part of the statute quoted applies to an owner placing livestock in a common enclosure without having a sufficient permanent supply of water on the land owned by him. It follows then that for appellant to have the right of an injunction under this statute he must plead and prove that the livestock placed in the pasture is more than the land owned by the appellee Ament will reasonably pasture, or that there is not a sufficient permanent supply of water on such land. Appellant in this case has neither pled nor proved how much land was owned by appellee in each pasture, nor how many sheep were to be placed in each pasture. Neither did plaintiff ask for an injunction restricting the number of sheep placed in each pasture to an amount which the land of appellee Mae Ament in each pasture would reasonably pasture. Consequently we are concerned principally with whether or not appellant pled and proved that the appellees did not have a sufficient permanent water supply on land owned by appellee Mae Ament for the livestock proposed to be placed therein. Appellant's allegation in this respect is as follows:

"Plaintiff is entitled to possession of said water impounded by said rock dam and defendant is not entitled to use of any of said water."

Even if such allegation is sufficient, appellant wholly failed to prove that there was no water on her land, in fact the evidence was uncontroverted that the dam and impounded water are on Section 169, Block G-4, H. & W. T. Ry. Co., Brewster County, Texas, 490 acres of which, and the part on which the dam is located, was awarded to appellee Mae Ament in said cause No. 2678, consequently appellant wholly fails to comply with the proof required in said Art. 1351a to entitle him to an injunction. We therefore overrule appellant's first point.

Appellant further complains that the court committed error in not granting the injunction and maintaining the status quo until the disposition of the pending trial in cause No. 2678–A. As stated above, that cause pertains merely to damages and in no way concerns title and possession of the lands involved. It seems that appellant is seeking to maintain the status quo that existed prior to the final judgment in cause No. 2678 rather than the status quo of the parties at the time of the injunction. We overrule this point. Appellant in his argument maintains that the court's refusing to grant the injunction was in effect throwing the four pastures open to unrestricted grazing by appellee Mae Ament. We do not see that this is the result at all. It is our understanding of the law that if at any time the appellee Mae Ament, or her lessees, place more livestock in either of said enclosures than her land located therein will reasonably pasture, appellant would still be entitled to an injunction upon proper pleading and proof. 24 Tex.Jur. 135, 1495.

We affirm the trial court's judgment in refusing to grant a temporary injunction.

FRASER, J., not participating.